## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **VICTORIA ROBINSON,** | |
| **Plaintiff,** | |
| v. | **Civil Action No. 18-2383 (JEB)** |
| **WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY,** | |
| **Defendant.** | |

### MEMORANDUM OPINION

Plaintiff Victoria Robinson, a former employee of Defendant Washington Metropolitan Area Transit Authority, was transferred to a new position after her previous role was eliminated. In this suit she alleges that the transfer and her subsequent termination were both retaliatory and discriminatory. Following a narrowing of her claims on summary judgment and with trial now set, Defendant brings three Motions *in Limine* to preclude Robinson from introducing: (1) testimony from her treating physicians, (2) evidence regarding economic damages, and (3) evidence relating to her request for accommodation and her termination. Finding these arguments mostly persuasive, the Court will grant the last two and grant in part and deny in part the first.

## I.      Background

Robinson, who suffers from major-depressive and general-anxiety disorders, worked as a Senior Financial Systems Analyst at WMATA from 2013 to 2017. See ECF No. 26 (MSJ Opinion) at 2. She was approved for a disability accommodation in 2013, allowing her to work under a modified, reduced-hour schedule until March 2017. See ECF No. 18-3 (Def. MSJ Exhs.)

at 27; ECF No. 23-2 (Pl. Interrog. Resps.) at 6; ECF No. 18-5 (Declaration of Avraam R. Patriotis), ¶ 7.  At that time, WMATA transferred her to a new position, informed her that her disability accommodation would not accompany her, and that she would need to file a new request.  See Pl. Interrog. Resps. at 6; Patriotis Decl., ¶ 7.  She promptly submitted a renewed accommodation request; however, Defendant denied it after Plaintiff failed to engage in an interactive process or respond to WMATA's offer of four alternative accommodations.  See MSJ Op. at 2, 8.  The Authority ultimately terminated Robinson in February 2018.  See ECF No. 9 (Amended Complaint), ¶ 22; Patriotis Decl., ¶ 10.

Her ensuing suit alleged that her transfer, WMATA's failure to grant her subsequent accommodation request, and her February 2018 termination each violated the Rehabilitation Act of 1973 and the Family and Medical Leave Act of 1992.  See Am. Compl., ¶¶ 25–32.  After discovery, Defendant moved for summary judgment on all counts.  See ECF No. 18 (Def. MSJ). This Court granted the motion as to the FMLA claims, as well as the Rehabilitation Act claims related to the alleged failure to accommodate and Plaintiff's February 2018 termination.  See MSJ Op. at 6–8, 10.  The only claims that remain are those for discrimination and retaliation under the Rehabilitation Act concerning Plaintiff's March 2017 transfer.  Id. at 9–11.  In preparation for trial, WMATA now files three Motions in Limine.

## II.    Legal Standard

"[M]otions in limine are a means for arguing why 'evidence should or should not, for evidentiary reasons, be introduced at trial.'"  Graves v. Dist. of Columbia., 850 F. Supp. 2d 6, 11 (D.D.C. 2011) (emphasis omitted) (quoting Williams v. Johnson, 747 F. Supp. 2d 10, 18 (D.D.C. 2010)).  They "are 'designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions.'"  Id. at 10 (quoting Bradley v. Pittsburgh Bd. of Educ., 913 F.2d

1064, 1069 (3d Cir. 1990)).  The court has "broad discretion in rendering evidentiary rulings, . . .
which extends . . .  to the threshold question of whether a motion *in limine* presents an
evidentiary issue that is appropriate for ruling in advance of trial."  Barnes v. Dist. of Columbia,
924 F. Supp. 2d 74, 79 (D.D.C. 2013) (quoting Williams, 747 F. Supp. 2d at 10–11).

## III.   Analysis

As a reminder, Defendant wishes to exclude: (1) testimony from Plaintiff's treating
physicians, (2) evidence regarding economic damages, and (3) evidence concerning her request
for accommodation and termination.  The Court will address these in turn.

### A.   Testimony from Plaintiff's Treating Physicians

WMATA seeks to preclude Robinson from introducing testimony from her treating
physicians on two bases.  First, it argues that she failed to designate any experts pursuant to Fed.
R. Civ. P. 26(a)(2)(C).  See ECF No. 27 (Def. Motion to Exclude Testimony from Pl.'s Treating
Physicians) at 1.  Additionally, Defendant maintains that any factual testimony provided by her
physicians should be barred because it would not be relevant without an expert opinion regarding
causation.  See ECF No. 31 (Def. Reply) at 1.

Treating physicians often testify as hybrid witnesses.  More specifically, they testify as
fact witnesses when recounting factual observations about a patient's presentation, but as expert
witnesses when providing an opinion regarding diagnoses, prognoses, or causation.  See Daniels
v. Dist. of Columbia, 15 F. Supp. 3d 62, 71 (D.D.C. 2014).

It is clear here — and Plaintiff does not contend otherwise — that she did not disclose
any expert witnesses.  As a result, her treating physicians are precluded from providing expert
testimony concerning their diagnoses or the cause of any of her symptoms, which would be

based on "scientific, technical, or other specialized knowledge."  Fed. R. Evid. 702; Fed. R. Civ.

P. 26(a)(2).

They may, however, provide factual testimony; for instance, they could hypothetically

recount their observations about Plaintiff's appearance, apparent mental or emotional state, and

her demeanor, as well as statements she made to them in the course of seeking treatment around

the March 2017 transfer date.  See Fed. R. Evid. 803(3), (4).  This may be relevant to Plaintiff's

ability to show how the move affected her, even absent expert testimony regarding causation.

See Fed. R. Evid. 401.

Defendant's Motion is thus granted in relation to expert testimony from Plaintiff's

treating physicians; it is denied to the extent it seeks to exclude their factual testimony.

B.      Evidence of Economic Damages

Defendant next moves to bar Robinson from "presenting any evidence of economic

damages at trial," ECF No. 28 (Def. Motion to Exclude Economic Damages) at 2, because she

"cannot show she suffered any economic damages as a result of the 2017 job transfer."  Id. at 1–

2.  WMATA points out that Plaintiff's salary did not change following her move.  Id. at 1.

Robinson's Opposition does not directly contest this position.  She instead discusses non-

economic damages related to her pain and suffering following the transfer, asserting that

evidence regarding these damages is relevant and that she "has given testimony regarding the

nature of damages suffered as a result of her allegations including depression and anxiety."  ECF

No. 30 (Mem. in Opp. to Def. Motions In Limine) at 2–3.

By failing to substantively oppose Defendant's position or to explain how she suffered

any economic damages, Plaintiff has effectively conceded this issue.  The Court will thus grant

Defendant's Motion and preclude her from introducing evidence of such damages at trial.  She

may, however, seek non-economic damages, which would include compensation for any humiliation, mental anguish, or distress she suffered as a result of the transfer, if she can show that such harms resulted from discrimination or retaliation.

        C.      <u>Evidence Regarding Plaintiff's Request for Accommodation and Termination</u>

        Defendant last seeks to preclude Plaintiff from introducing evidence regarding the request for accommodation she filed <u>after</u> her March 2017 transfer and its subsequent denial, as well as evidence relating to her termination in February 2018.  <u>See</u> ECF No. 29 (Def. Motion to Exclude Evidence Regarding Pl. Request for Accommodation and Termination).  In support of its position, WMATA contends that it "won summary judgment on all such claims," and thus that "any testimony or other evidence related to [Plaintiff's] request for accommodation or termination would be inadmissible as irrelevant and unduly prejudicial."  <u>Id.</u> at 1.  Defendant posits that Robinson should be allowed to introduce only "[t]estimony and evidence . . . relate[d] to allegations of discrimination or retaliation with respect to the 2017 job transfer."  <u>Id.</u>  Plaintiff responds that the evidence should be admissible because it is relevant to the disputed issue: whether she was transferred "<u>because</u> of her prior accommodation and request for continued accommodation."  Opp. at 2.

        The parties seem to be arguing past each other here.  Evidence regarding her accommodation <u>prior to</u> the March 2017 transfer is clearly relevant because it forms the basis for Plaintiff's claims of retaliation and discrimination.  On the other hand, evidence relating to her denied <u>post-transfer</u> request for accommodation and subsequent termination is not admissible. These events have nothing to do with the disputed reasons for the transfer, and they could unfairly influence the jury in a way that could be prejudicial to Defendant.  As such, the Court

will limit Robinson to presenting evidence related to events that predate the March 2017 transfer or are directly connected to it.

## IV.    Conclusion

For the foregoing reasons, the Court will issue a contemporaneous Order granting two of WMATA's Motions and granting in part and denying in part the third.

*/s/ James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date:  June 23, 2020